### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00144-LTB

STEVEN D. BLUM,

    Plaintiff,

v.

KISS INDUSTRIES, LLC, a Colorado limited liability company,

    Defendant.

---

### PLAINTIFF STEVEN D. BLUM'S MOTION FOR DEFAULT JUDGMENT

---

Pursuant to Federal Rule of Civil Procedure 55(b), Plaintiff Steven D. Blum respectfully moves the Court for entry of a default judgment against Defendant Kiss Industries, LLC for failure to plead or otherwise defend this action.

### Statement of Facts

1. On December 20, 2016, Plaintiff Steven D. Blum invested $200,000.00 in Defendant Kiss Industries, LLC ("Kiss"). Plaintiff's investment is evidenced by an Unsecured Convertible Promissory Note in the principal amount of $200,000.00 issued to Plaintiff pursuant to a Note Purchase Agreement. The Promissory Note matured on December 20, 2020. The Promissory Note is attached hereto as Exhibit A, and the Purchase Agreement is attached hereto as Exhibit B.

2. Pursuant to the Promissory Note, Kiss's obligation may be converted, at the option of Plaintiff, into equity in Kiss on the Maturity Date of the Promissory Note. (*See* Ex. A ¶ 3.) Plaintiff did not elect to convert the obligation into equity. Thus, the Promissory Note remains outstanding and payable in accordance with its terms,

which provide for full repayment of Plaintiff's $200,000.00 loan plus 8% interest per annum until payment is made in full. (Ex. A ¶ 2.)

3. By letter from counsel dated December 11, 2020, addressed to Kiss and to Cole T. Evans, Kiss's Chief Executive Officer, Plaintiff demanded that Kiss pay in full on the Maturity Date the outstanding principal of and all accrued interest on the Promissory Note. In that letter, Plaintiff advised Kiss that if Kiss failed to pay the Promissory Note on the Maturity Date, Plaintiff would exercise all rights and remedies available at law and in equity to collect the company's indebtedness, as well as all costs of collection. Plaintiff's letter is attached hereto as Exhibit C.

4. Kiss failed to pay the indebtedness or to communicate in any way with Plaintiff regarding Plaintiff's demand for payment of the Promissory Note. Accordingly, on January 15, 2021, Plaintiff filed suit against Kiss for breach of contract. (Dkt. No. 1.)

5. A Summons was duly issued by the Clerk of Court on January 19, 2021 (Dkt. No. 5), and KISS was properly served with the Summons and Complaint on April 5, 2021 (Dkt. No. 6).

6. Kiss failed to answer or otherwise respond to the Complaint within the period provided by Federal Rule of Civil Procedure 12(a)(1)(A)(i). Accordingly, Plaintiff filed a Motion for Entry of Default with a supporting affidavit on June 7, 2021. (Dkt. No. 7.) To the best of Plaintiff's knowledge, Defendant is a not a minor, incompetent, or a member of the armed services. (Dkt. No. 7, Attach. 1). The Clerk of Court entered Kiss's default the following day. (Dkt. No. 8.)

**Jurisdiction and Venue**

The Tenth Circuit has held that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997). The Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 because Plaintiff is a Minnesota resident; Kiss is a Colorado limited liability company with its principal place of business in Denver; and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Further, venue in the District of Colorado is proper pursuant to 28 U.S.C. § 1391 because Kiss is located in this District and a substantial part of the events or omissions on which Plaintiff's Complaint is based occurred in this District.

**Legal Standard**

Under the Federal Rules of Civil Procedure, a defendant must file an answer or otherwise respond to a complaint within 21 days of service of process. Fed. R. Civ. P. 12(a)(1). If a defendant fails to do so, the court may enter a default judgment pursuant to Federal Rule of Civil Procedure 55. Rule 55 establishes a two-step process for securing a default judgment in cases where the plaintiff's claim is not for a sum certain. First, once the time period for responsive pleadings has expired, the plaintiff must seek, and the Clerk of Court must enter, the defendant's default. Fed. R. Civ. P. 55(a). Then, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); *see Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016).

The trial court has "broad discretion in deciding whether to enter a default judgment." *Nevada Gen. Ins. Co. v. Anaya*, 326 F.R.D. 685, 693 (D.N.M. 2018) (citing *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987)). However, a party against

whom default has been entered is deemed to have admitted the facts alleged in the plaintiff's complaint. *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Indeed, "in civil cases, where a party fails to respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party." *Deery Am. Corp. v. Artco Equip. Sales, Inc.*, 2007 WL 437762, at *2 (D. Colo. Feb. 6, 2007) (quoting *Cablevision of S. Conn. v. Smith*, 141 F. Supp. 2d 277, 282 (D. Conn. 2001)).

## **Argument**

By failing to answer or otherwise defend this lawsuit despite proper service of process, Kiss has admitted the facts alleged in Plaintiff's Complaint—namely, that Kiss defaulted on its obligation to repay Plaintiff's investment and accrued interest by December 20, 2020. *Olcott*, 327 F.3d at 1125; *see Malluk v. Berkeley Highlands Prods., LLC*, -- F. Supp. 3d --, 2020 WL 1033339, at *2 (D. Colo. Mar. 3, 2020) (citing *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)) ("A court may enter a default judgment without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation.").

Plaintiff's well-pled allegations in the Complaint support a finding of liability for breach of contract. (*See* Dkt. 1.) Accordingly, by the terms of the parties' Promissory Note and Purchase Agreement, Plaintiff is entitled to a judgment of his $200,000.00 investment, 8% interest per annum until the date of judgment, and post-judgment interest. (*See* Ex. A ¶¶ 2, 5.)

## Conclusion

In view of the foregoing, Plaintiff respectfully requests the Court to enter the Proposed Default Judgment against Defendant and award Plaintiff the aforementioned monetary relief.

## D.C.COLO.LCivR 7.1(a) Certification

In compliance with D.C.COLO.LCivR 7.1(a), counsel for Plaintiff attempted to contact Defendant regarding the filing of this motion by phone and email.  Defendant's CEO, Cole Evans, answered the phone number listed on Kiss's state registration but declined to discuss this motion, instead providing Plaintiff's counsel his email address.  Plaintiff's counsel duly emailed Evans and attempted to meet and confer, but Evans did not respond.

Dated this 3rd day of November, 2021.

> s/ *Angela C. Tarasi*
> **Angela C. Tarasi**
> King & Spalding LLP
> 1401 Lawrence Street
> Suite 1900
> Denver, CO 80640
> Telephone: (720) 535-2300
> E-mail: atarasi@kslaw.com
>
> Attorney for Plaintiff Steven D. Blum

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2021, I sent a copy of **PLAINTIFF STEVEN D. BLUM'S MOTION FOR DEFAULT JUDGMENT** to the following parties in the way described below each party's name:

Party Name: Kiss Industries LLC
How Served: Email & Certified Mail, Return Receipt Requested
Party Attorney's Name: N/A (Party has not appeared)
Address: 3222 E 1st Ave., Apt. 329 Denver, CO, 80206
Telephone Number: (720) 495-2402
Email Address: cole@kissindustries.com

                                       /s/ *Judy Montoya*
                                       Judy Montoya
                                       King & Spalding LLC